1
2
3
4                          UNITED STATES DISTRICT COURT
5                       NORTHERN DISTRICT OF CALIFORNIA
6
7    LAWRENCE PALMER,                       Case No.  20-cv-06309-JSC
                Plaintiff,
8
                                            **ORDER RE: MOTION TO REMAND**
9          v.
                                            Re: Dkt. No. 23
10   CITIZENS BANK, N.A., et al.,
                Defendants.
11
12
13       Plaintiff alleges Defendants violated federal and state credit reporting laws.  Before the

14   Court is Plaintiff's motion to remand. He contends that he did not suffer any injury as a result of

15   Defendants' unlawful conduct and therefore Article III standing is lacking.  After carefully

16   considering the parties' briefing and the relevant legal authority, the Court concludes that oral

17   argument is unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b), VACATES the January 21, 2021

18   hearing, and DENIES Plaintiff's motion to remand.[1]  In light of *Nayab v. Capital One Bank*

19   *(USA), N.A.*, 942 F.3d 480, 490 (9th Cir. 2019), Plaintiff's allegations establish Article III

20   standing.

21                                 **BACKGROUND**

22       Plaintiff, a California resident, alleges that Defendants obtained his credit information

23   through an unauthorized inquiry.  On October 24, 2019, after reviewing his credit report from

24   Equifax, a credit reporting agency, Plaintiff discovered that Defendants submitted unauthorized

25   credit report inquiries to Equifax.  Plaintiff further alleges that the inquiries were intended to

26   "determine credit for the purposes of credit profiling, data modeling" and make various types of

27   _____

28   [1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. §
     636(c).  (Dkt. Nos. 18-19, 21-22, 41.)

*United States District Court*
*Northern District of California*

1    promotional offerings, as well as to share this information with other vendors, all without

2    Plaintiff's consent. (Dkt. No. 1-1 at 25 ¶ 23.)[2]

3            Plaintiff filed a class action complaint against Defendants in San Francisco Superior Court

4    on April 24, 2020, alleging violations of the Fair Credit Reporting Act ("FCRA") and California's

5    Unfair Competition Law ("UCL"), Business and Professions Code § 17200, *et seq.*  (Dkt. No. 1-1

6    at 3.)  On August 19, 2020, Plaintiff filed a first amended complaint ("FAC"), alleging violations

7    of the FCRA, UCL, and the California Consumer Reporting Agencies Act ("CCRAA"), Civil

8    Code § 1785, *et seq.* (Dkt. No. 1-1 at 22.)  Citizens Bank filed a notice of removal pursuant to 28

9    U.S.C. § 1441 on September 4, 2020.  (Dkt. No. 1 at 2.)  Plaintiff subsequently filed the instant

10   motion to remand.

**SUBJECT MATTER JURISDICTION**

12           "Federal courts are courts of limited jurisdiction. They possess only that power authorized

13   by [the] Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377

14   (1994).  The Court has federal question jurisdiction over Plaintiff's FCRA claim pursuant to 28

15   U.S.C. § 1331.  Because Plaintiff's state law claims for violations of the UCL and CCRAA are

16   related to Plaintiff's FCRA claim and "form part of the same case or controversy under Article

17   III[,]" this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28

18   U.S.C. § 1367(a).

**STANDING**

20   **I.      Legal Standard**

21           "Standing is a necessary element of federal-court jurisdiction" and a "threshold question in

22   every federal case."  *Thomas v. Mundell*, 572 F.3d 756, 760 (9th Cir. 2009) (citation omitted).

23   Article III standing consists of three "irreducible constitutional minimum" requirements: "[t]he

24   plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged

25   conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."

26   *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). These elements are often referred to as

27

28   ───────────────
[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers placed at the top of the documents.

United States District Court
Northern District of California

1  injury in fact, causation, and redressability. *See, e.g., Planned Parenthood of Greater Washington*

2  *& N. Idaho v. U.S. Dep't of Health & Human Servs.*, 946 F.3d 1100, 1108 (9th Cir. 2020).

3       An injury in fact is "an invasion of a legally protected interest" that is (1) "concrete," (2)

4  "particularized," and (3) "actual or imminent, not conjectural or hypothetical." *Spokeo*, 136 S. Ct.

5  at 1548 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). To be "particularized," an

6  injury "must affect the plaintiff in a personal and individual way," while "concreteness" requires

7  an injury to be "'de facto'; that is, it must actually exist." *Id*. at 1548 (internal citation omitted).

8  The requirement that an injury be "actual or imminent" "ensure[s] that the alleged injury is not too

9  speculative for Article III purposes—that the injury is certainly impending." *Clapper v. Amnesty*

10  *Int'l USA*, 568 U.S. 398, 409 (2013).

11       "'Concrete' is not, however, necessarily synonymous with 'tangible.' Although tangible

12  injuries are perhaps easier to recognize . . . intangible injuries can nevertheless be concrete."

13  *Spokeo*, 136 S. Ct. at 1549.  Because Congress is "well positioned to identify intangible harms that

14  meet minimum Article III requirements," *id.*, injuries required by Article III "may exist solely by

15  virtue of statutes creating legal rights, the invasion of which creates standing[,]" *Lujan v. Defs. of*

16  *Wildlife*, 504 U.S. 555, 578 (1992) (internal quotations and citation omitted).

17  **II.     Remand**

18       The removing party bears the burden of showing that removal is proper.  *See Valdez v.*

19  *Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004).  Here, Defendants argue that Plaintiff has

20  alleged an injury-in-fact under his FCRA claim and that, on this basis, removal of Plaintiff's

21  FCRA claim is proper and with it the FAC's state law claims pursuant to 28 U.S.C. § 1367(a).

22  The Court agrees.  Defendants have met their burden of showing that removal is proper.

23       The Ninth Circuit recently addressed whether allegations that a defendant violated the

24  FCRA by obtaining an unauthorized credit report served as valid bases for establishing an injury-

25  in-fact under the Article III standing inquiry.  In *Nayab*, 942 F.3d at 490, the Ninth Circuit held

26  that a plaintiff had standing to pursue her FCRA claim based on the defendant's alleged violation

27  of 15 U.S.C. § 1681b(f)(1) because "obtaining a credit report for a purpose not authorized under

28  the FCRA violates a *substantive* provision of the FCRA."  *Id.* (original emphasis).  Because this

section of the FCRA "does not merely describe a procedure that one must follow" and instead "protect[s] the consumer's privacy interest," the Ninth Circuit held that the statute's violation "offends the interest that the statute protects" that a plaintiff "need not allege any further harm to have standing." *Id.* (internal quotations and citation omitted).  Moreover, "the invasion of the interest at issue—the right to privacy in one's consumer credit report—confers standing." *Id.* (citing *Syed v. M-I, LLC*, 853 F.3d 492, 499-500 (9th Cir. 2017)).  At bottom, "[a] violation of a substantive right invariably offends the interests that the statute protects."  *Id*. (internal quotations and citation omitted).

The FAC's allegations are fatal to Plaintiff's motion to remand.  Plaintiff alleges that Defendants violated 15 U.S.C. § 1681b(f)(1).  Plaintiff also alleges that he "suffered a measured invasion of a legally protected interest when Defendants accessed his highly confidential personal information on his credit report at a time when Defendants had no[] right to do so, [which is] an invasion of Plaintiff's right to privacy."  (Dkt. No. 1-1 at 26 ¶ 29.)  Regarding these allegations, *Nayab* is unequivocal: "[A plaintiff] has standing to pursue h[is] FCRA claim based on [a defendant's] alleged violation of 15 U.S.C. § 1681b(f)(1)," and the invasion of "the right to privacy in one's consumer credit report" likewise confers standing.  *Nayab*, 942 F.3d at 490.

Plaintiff's argument to the contrary is unavailing.  The cases Plaintiff cites in support of the proposition that his FCRA claim should be remanded concern *procedural* violations of the FCRA, rather than substantive violations that confer Article III standing.  *See, e.g., Williams v. Nichols Demos, Inc.*, No. 5:17-CV-07101-EJD, 2018 WL 3046507, at *5 (N.D. Cal. June 20, 2018) (finding the plaintiff "allege[d] only a bare *procedural* violation of FCRA" and distinguishing violations of "substantive privacy interests" that confer Article III standing) (internal quotations and citations omitted) (emphasis added); *Larroque v. First Advantage LNS Screening Sols., Inc*., No. 15-CV-04684-JSC, 2016 WL 4577257, at *5 (N.D. Cal. Sept. 2, 2016) ("[The plaintiff] has alleged nothing more than a bare *procedural* violation of the FCRA [and] has not suffered an 'invasion of privacy' or any other concrete harm . . . . This is exactly the situation that the Supreme Court [in *Spokeo*] indicated cannot confer Article III standing.") (citation omitted) (emphasis added).  Therefore, Defendants' burden to show that removal is proper

4

remains satisfied.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion to remand is DENIED. The Court will hold an initial case management conference on February 11, 2021 at 1:30 p.m. by Zoom video.  A joint case management conference statement is due February 4, 2021.

This Order disposes of Dkt. No. 23.

**IT IS SO ORDERED.**

Dated: January 15, 2021

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge