1  **LINDEMANN LAW FIRM, APC**
   Blake J. Lindemann, SBN 255747
2  433 N. Camden Drive, 4th Floor
   Beverly Hills, CA 90210
3  Telephone: (310) 279-5269
   Facsimile:  (310) 300-0267
4  E-mail: Blake@lawbl.com

5  *Attorneys for Plaintiff and the Proposed Class*

6

7

8                  **UNITED STATES DISTRICT COURT**

9               **NORTHERN DISTRICT OF CALIFORNIA**

10                 **SAN FRANCISCO DIVISION**

11

12  LAWRENCE PALMER, an individual; on          Case No. 3:20-cv-06309-JSC
    behalf of himself and those similarly situated,
13                                               Judge: Hon. Jacqueline Scott Corley

14

15                  Plaintiff,                   **PLAINTIFF'S NOTICE OF MOTION AND
                                                 MOTION FOR LEAVE TO FILE SECOND
16                  v.                           AMENDED CLASS ACTION
                                                 COMPLAINT; MEMORANDUM
17                                               OF LAW IN SUPPORT THEREOF**

18  CITIZENS BANK, N.A.; CITIZENS
    FINANCIAL GROUP, INC.; FARMERS
19  GROUP, INC.; FARMERS EXCHANGE;             **Date:        April 29, 2021**
    HSBC BANK, USA, N.A.; DISCOVER            **Time:        9:00 a.m.**
20  FINANCIAL SERVICES, INC, and DOES 1-      **Courtroom:  E - 15th Floor**
    100,
21

22                  Defendants.
                                                 Date Removed: September 4, 2020
23                                               Date Filed:     April 24, 2020

24

25

26

27

28

NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND AMENDED CLASS ACTION COMPLAINT          1

1   **TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

2      PLEASE TAKE NOTICE that on April 29, 2021 at 9:00 a.m., or as soon thereafter as the

3   matter may be heard by the Honorable Jacqueline Scott Corley in Courtroom E of the above-entitled

4   court located at 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiff Lawrence Palmer

5   ("Plaintiff"), will and hereby does move for an order granting Plaintiff leave to file a Second Amended

6   Class Action Complaint.

7      This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and

8   Authorities, the Declaration of Blake J. Lindemann ("Lindemann Decl."), the Proposed Order, all

9   documents on file in the above-referenced matter, the arguments presented by counsel at the requested

10  hearing, and any other matter the Court may wish to consider.

11                  **STATEMENT OF THE ISSUE TO BE DECIDED**

12     Should the Court grant Plaintiff leave to file the Second Amended Class Action Complaint,

13  adding three causes of action based on the same general facts, adding one party defendant to the Case,

14  and making other modifications to the Complaint based on removal of the Case to Federal Court?

15                 **MEMORANDUM OF POINTS AND AUTHORITIES**

16  **I.      INTRODUCTION**

17     Plaintiff respectfully seeks leave to file a proposed Second Amended Class Action Complaint

18  ("SAC") to add causes of action based on the same general facts and other amendments based on the

19  removal of this Case to Federal Court.  Plaintiff's SAC includes the following material changes from

20  the prior First Amended Class Action Complaint ("FAC") (Dkt. 1-1): Plaintiff has added three new

21  causes of action that are premised on the same general set of facts, he has added one defendant, and

22  has made other procedural changes based on the removal of the Case to Federal Court.  The proposed

23  SAC and a redlined copy of the proposed SAC (in compliance with the Court's Standing Order) are

24  attached to the Declaration of Blake J. Lindemann as **Exhibits 1** and **Exhibit 2**, respectively. As

25  summarized below, the Court has not set a deadline for amending the pleadings or adding parties. Rule

26  15 therefore governs the instant motion and the requirement thereunder is readily satisfied here.

27

28

## II.     RELEVANT BACKGROUND

This proposed class action is brought on behalf of consumers against Defendants' Citizens, Farmers, HSBC, and Discover (collectively, the "Defendants") with regard to Defendants' unauthorized and unlawful credit inquiries in violation of the Fair Credit Reporting Act ("FCRA") and improper storage, use, and transmission of personally identifiable information without consent to third parties.

On October 24, 2019, upon review of his Equifax credit report, Plaintiff discovered that each of the Defendants submitted unauthorized credit report inquiries to Equifax, a credit reporting agency. The Plaintiff's Equifax credit report constitutes a consumer credit report under the FCRA. Each of the Defendants has a set of standard operating procedures.  Defendants put in place those procedures here and made the unauthorized credit report inquiries for the purposes of credit profiling, data modeling, to make promotional offerings, advertising, and to share data concerning the same with other vendors, partners and affiliates with the Defendants, all without Plaintiff's consent.  The use of data in Plaintiff's credit file and PII was shared for purposes well beyond the auspices of offering a "firm offer," and evidence will reflect a sufficient percentage of persons inquired were not offered credit.

## III.     LEGAL STANDARD

Rule 15(a) provides that leave to amend should be freely given.  *Foman v. Davis*, 371 U.S. 178, 182 (1962). Courts in the Ninth Circuit apply this policy "with extreme liberality." *Cal. Sportfishing Prot. All. v. Shiloh Grp., LLC*, 268 F. Supp. 3d 1029, 1037 (N.D. Cal. 2017) (*quoting Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003)). "In the absence of an 'apparent reason,' such as undue delay, bad faith or dilatory motive, prejudice to the opposing party, futility of the amendments, or repeated failure to cure deficiencies in the complaint by prior amendment, it is an abuse of discretion for a district court to refuse to grant leave . . . ." *Cal. Sportfishing Prot. All.*, 268 F. Supp. 3d at 1037 (*citing Foman*, 371 U.S. at 182). "These factors are not of equal weight; specifically, 'delay alone is insufficient ground for denying leave to amend.'" *Vietnam Veterans of Am. v. C.I.A.*, 288 F.R.D. 192, 218 (N.D. Cal. 2012) (*quoting United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981)). If a party opposes the amendment, that party also "bears

the burden of showing prejudice." *Finjan, Inc. v. Check Point Software Techs., Inc.*, No. 18-CV-02621-WHO, 2019 WL 1455333, at *2 (N.D. Cal. Apr. 2, 2019). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Puricle, Inc. v. Church & Dwight Co.*, No. CV 08-3082 ABC (OPX), 2008 WL 11343396, at *1 (C.D. Cal. Oct. 1, 2008) (*citing Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)).

## IV.  ARGUMENT

### A.  The Requirements of Rule 15 Are Satisfied.

The Court has not set a deadline for amending the pleadings or adding new parties in this action, nor has the Court entered a Scheduling Order under Rule 16(b).  In fact, the initial status conference was continued to April 15, 2021. "Because a deadline was not set forth in the scheduling order, the standards of Rule 15 govern the motions, and the good cause requirement by Rule 16 is inapplicable." *Kingsburg Apple Packers, Inc. v. Ballantine Produce Co.*, No. 1:09-CV-00901 AWI, 2012 WL 718638, at *2 (E.D. Cal. Mar. 5, 2012); *see Santa Clara Valley Water Dist. v. Olin Corp.*, No. C-07-03756 RMW, 2009 WL 667429, at *4 (N.D. Cal. Mar. 13, 2009) ("Because the court's case scheduling orders imposed no deadline for amending the pleadings, Olin is not required to show good cause for its desire to amend its counterclaim."); *see also Finjan, Inc.*, 2019 WL 1455333, at *3 (applying Rule 15 where the court had not previously set a deadline to amend the pleadings and the parties would "still have plenty of time to conduct fact discovery . . . under the current schedule."). Therefore Rule 15, and not Rule 16, controls the instant motion.

"The underlying purpose of Rule 15 is to facilitate decisions on the merits, rather than on the pleadings or technicalities," *Lane*, 2013 WL 1164859, at *2 (internal quotation marks and citation omitted), and Plaintiff readily satisfies the requirements of Rule 15 as he has acted diligently and in good faith.

### 1.  Plaintiff Has Acted in Good Faith.

Bad faith may exist if the proposed amendment "will not save the complaint or the plaintiff merely is seeking to prolong the litigation by adding new but baseless legal theories." *Griggs v. Pace*

1   *Am. Grp., Inc.*, 170 F.3d 877, 881 (9th Cir. 1999); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183,

2   187 (9th Cir. 1987) (finding bad faith where party sought to leave to amend "to destroy diversity and

3   to destroy the jurisdiction of this court") (internal quotation marks omitted). A court may also find bad

4   faith when the moving party has a "history of dilatory tactics." *Thornton v. McClatchy Newspapers,*

5   *Inc.*, 261 F.3d 789, 799 (9th Cir. 2001), superseded by statute on other grounds as stated in *Weaving*

6   *v. City of Hillsboro*, 763 F.3d 1106, 1112 (9th Cir. 2014). Those concerns do not apply here.

7        Plaintiff made his request in good faith and in response to recent developments related to the

8   ongoing pandemic, to conform the complaint with information obtained through discovery and

9   investigation, and other necessary changes based on removal of the case to Federal Court, the Court's

10   denial of Plaintiff's Motion to Remand, and in anticipation of his Motion for Class Certification.

11   Moreover, as each of the Defendants filed an Answer to the Complaint, the existing claims and legal

12   theories are colorable and well-pled.

13                **2.  There Is No Undue Delay.**

14        "Relevant to evaluating the delay issue is whether the moving party knew or should have

15   known the facts and theories raised by the amendment in the original pleading." *Jackson v. Bank of*

16   *Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990). Furthermore, "undue delay, by itself" is not sufficient

17   justification for a court's denial of a motion to amend. *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir.

18   1999); *Dep't of Fair Employment & Hous. v. Law Sch. Admission Council, Inc.*, No. C-12-1830 EMC,

19   2013 WL 485830, at *4-5 (N.D. Cal. Feb. 6, 2013) (undue delay alone is insufficient as a party

20   opposing amendment must establish that amendment would cause unfair prejudice).

21        Plaintiff attempted to stipulate with the Defendants on February 24, 2021 to permit

22   amendment, but Defendants voiced their disagreement on March 16, 2021.  Plaintiff announced at the

23   initial status conference his intent to amend the Complaint.  The Court's ruling concerning subject

24   matter jurisdiction was made a short time ago on January 15, 2021 [ECF No. 44], and no Scheduling

25   Order has been entered in this Case.  Plaintiff's additional claims are based on the same general set of

26   facts as the original complaint.  Finally, Defendants have taken no discovery in the case, except a

27   recent single request for production of the Plaintiff's credit report, so they cannot claim prejudice.  No

28

1    prejudice can be stated for any delay.

2              **3.   Defendants Will Not be Unfairly Prejudiced by the Amendment.**

3              Prejudice is the "touchstone of the inquiry under rule 15(a)." *Eminence Capital, LLC*, 316 F.3d

4    at 1052 (citation omitted). To justify denying leave to amend, however, substantial prejudice must be

5    shown. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *SAES Getters*

6    *S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1094 (S.D. Cal. 2002) ("Where a party opposes a motion

7    for leave to amend on the basis of undue prejudice, the showing of prejudice must be substantial.").

8    The burden of establishing substantial prejudice falls on "the party opposing" the amendment.

9    *Leighton*, 833 F.2d at 187.

10             Permitting Plaintiff to amend his complaint will not prejudice the Defendants. Courts typically

11   evaluate prejudice in terms of factors such as "whether discovery cut-offs have passed, how close trial

12   is, and so forth." *Yates v. Auto City 76*, 299 F.R.D. 611, 614 (N.D. Cal. 2013). Here, no discovery cut

13   off has been set and no trial date has been set. *See Avedisian v. Mercedes-Benz, USA, LLC*, No. CV12-

14   00936-DMG-CWX, 2014 WL 12705054, at *3 (C.D. Cal. Mar. 25, 2014) (no prejudice to the

15   defendant when amendment was prior to discovery deadlines and would not "radically shift the nature

16   of the case") (citation and internal quotation marks omitted).  The need to take additional discovery of

17   the proposed plaintiff is insufficient to demonstrate unfair prejudice. *See Finjan, Inc.*, 2019 WL

18   1455333, at *3-4 ("To the extent that some additional discovery may be required, that alone is not

19   enough to constitute prejudice."); *PNY Techs., Inc. v. SanDisk Corp.*, No. 11-CV-04689-WHO, 2014

20   WL 294855, at *5 (N.D. Cal. Jan. 27, 2014) (finding no prejudice when there were "four months

21   remaining for discovery"); *U.S. ex rel. Elevator Tech. v. Flagg Bldg. Improvements*, No. CIV S06-

22   1443 JAM GGH, 2008 WL 4500142, at *1 (E.D. Cal. Oct. 6, 2008) (granting leave to amend when

23   the amendment would not "substantially alter the nature of the litigation or require significant

24   additional discovery or cause substantial delay").

25             The amendment will not, therefore, prejudice any of the Defendants in any meaningful way.

26   *See Rieve v. Coventry Health Care, Inc.*, No. SACV 11-1032 DOC, 2012 WL 929737, at *2 (C.D.

27   Cal. Mar. 19, 2012) (granting leave to amend to add a new class representative prior to any discovery

28

---

NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND AMENDED CLASS ACTION COMPLAINT          6

1     cutoff and where no motion for class certification had been filed and the proposed amendment would

2     "not expand the scope of the litigation"); *Davis v. Brown Grp. Retail, Inc.*, No. 1:13-CV-01211-LJO-

3     BA, 2014 WL 3778284, at *3 (E.D. Cal. July 31, 2014) (similar).

4                 **4.  Amendment Is Not Futile.**

5           Finally, the proposed amendment would not be futile. *See Miller v. Rykoff-Sexton, Inc.*, 845

6     F.2d 209, 214 (9th Cir. 1988). The proposed SAC includes only seeks to add claims based on the same

7     general facts, and refines the class definition based on the removal of the Case to Federal Court. *See*

8     *Dunbar v. Google, Inc.*, No. 5:12-CV-003305-LHK, 2012 WL 6202797, at *18 (N.D. Cal. Dec. 12,

9     2012) (permitting amendment of class definition so that the proposed class "may be fully tested in the

10     context of a Motion for Class Certification").

11   **V.  CONCLUSION**

12           For the foregoing reasons, Plaintiff respectfully requests that the Court grant leave to amend

13     under Rule 15 and accept the filing of the SAC submitted herewith.

14

15     Dated:   March 24, 2021                    Respectfully submitted,

16

17                                          LINDEMANN LAW FIRM

18

19                                          By: */s/ Blake J. Lindemann*

20                                          Blake J. Lindemann
                                         ***Attorneys for Plaintiff and the Proposed Class***

21

22

23

24

25

26

27

28

1

**<u>CERTIFICATE OF SERVICE</u>**

2

     I hereby certify that on March 24, 2021, I electronically filed the foregoing document using

3

the CM/ECF system, which will send notification of such filing to all counsel of record registered in

4

the CM/ECF system.

5

6

Dated: March 24, 2021                 By: */s/ Blake J. Lindemann*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28