# EXHIBIT 1

1  **LINDEMANN LAW FIRM, APC**
   BLAKE J. LINDEMANN, SBN 255747
2  DONNA R. DISHBAK, SBN 259311
   433 N. Camden Drive, 4th Floor
3  Beverly Hills, CA 90210
   Telephone:  (310)-279-5269
4  Facsimile:  (310)-300-0267
   E-mail:      blake@lawbl.com
5

6  *Attorneys for Plaintiff and the Proposed Class*

7

8              **UNITED STATES DISTRICT COURT**
              **NORTHERN DISTRICT OF CALIFORNIA**
9               **SAN FRANCISCO DIVISION**

10

11 LAWRENCE PALMER, an individual; on behalf        Case No. 3:20-cv-06309-JSC
   of himself and those similarly situated,
12                                                   **CLASS ACTION**

13                                                   **SECOND AMENDED COMPLAINT**
                  Plaintiff,                         **FOR:**
14
   v.                                                1. **Violation of 15 U.S.C. § 1681b, *et seq.***
15                                                      **(FCRA - Negligence)**
                                                     2. **Violation of 15 U.S.C. § 1681b**
16 CITIZENS BANK, N.A.; CITIZENS                        **(FCRA – Intentional)**
   FINANCIAL GROUP, INC.; FARMERS                    3. **Violation of California Bus. & Prof.**
17 GROUP, INC.; FARMERS EXCHANGE; HSBC                  **Code § 17200 (UCL)**
   BANK, USA, N.A.; DISCOVER FINANCIAL              4. **Violation of California Consumer**
18 SERVICES, INC.; CITIBANK, N.A.; and DOES            **Credit Reporting Agencies Act (Civil**
   1-100,                                              **Code § 1785 *et seq.*)—Illegally**
19                                                      **Accessing Consumer File**
                  Defendants.                        5. **Violation of the California Invasion**
20                                                      **of Privacy Act ("CIPA"), Cal. Penal**
                                                        **Code §§ 630, *et al*.**
21                                                   6. **Violation of the Comprehensive**
                                                        **Computer Data Access and Fraud**
22                                                      **Act ("CDAFA"), Cal. Penal Code §**
                                                        **502**
23                                                   7. **Intrusion Upon Seclusion**
                                                     8. **Public Disclosure of Private Facts**
24
25                                                   **[Jury Trial Demanded]**
26
27
28
   ─────────────────────────────
          SECOND AMENDED CLASS ACTION COMPLAINT

Plaintiff Lawrence Palmer, on behalf of himself and those similarly situated, alleges as follows:

## INTRODUCTION

1.      Plaintiff Lawrence Palmer (hereinafter referred to as "Plaintiff"), brings this lawsuit against Defendants' Citizens, Farmers, HSBC, and Discover (collectively, the "Defendants") with regard to Defendants' unauthorized and unlawful credit inquiries in violation of the Fair Credit Reporting Act ("FCRA") and improper storage, use, and transmission of his personally identifiable information without his consent.

2.      Plaintiff brings this action to seek statutory damages, injunctive relief, attorneys' fees and costs, and other relief the Court deems appropriate.

3.      Plaintiff alleges as follows, upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

4.      Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5.      While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6.      Unless otherwise stated, Plaintiff alleges that any violations by Defendants were knowing and intentional, and that Defendants did not maintain procedures reasonably adapted to avoid any such violations.

7.      Unless otherwise indicated, the use of Defendants in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants.

## PARTIES

8.      Plaintiff is, and at all times mentioned herein, was an individual residing in the State of California whose credit report was affected by the Defendants' unauthorized inquiries.

9.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

SECOND AMENDED CLASS ACTION COMPLAINT

10.     Plaintiff is informed and believes, that Defendant Citizens Bank, N.A. is organized under the laws of Rhode Island, that Defendants Citizens Bank of Laguna Beach, CA, is a corporation organized under the laws of California, and that Citizens Financial Group, Inc. is a company organized under the laws of California (collectively, "Citizens"), but that each entity conducts business in the County of San Francisco, and markets to residents of in the State of California.

11.     Plaintiff is informed and believes, that Defendant Farmers Exchange is an inter-insurance exchange organized under the laws of the State of California, conducting business in the State of California, and that Farmers Group, Inc. is a Corporation organized under the laws of Nevada, conducting business in California (collectively "Farmers").

12.     Plaintiff is informed and believes, that Defendant HSBC Bank, USA, N.A. ("HSBC") is a bank organized under the laws of Delaware, and who operates and conducts substantial business, marketing, advertising, promotions, searches, and credit and bank functions in the State of California.

13.     Plaintiff is informed and believes, that Defendant Discover Financial Services, Inc. ("Discover") is a bank organized under the laws of Delaware, and who operates and conducts substantial business, marketing, advertising, promotions, searches, and credit and bank functions in the State of California.

14.     Plaintiff is informed and believes, that Defendant Citibank, N.A. ("Citi") is a bank organized under the laws of Delaware, and who operates and conducts substantial business, marketing, advertising, promotions, searches, and credit and bank functions in the State of California.

15.     Citizens, Farmers, HSBC, Discover, Citi, are hereinafter referred to as the "Defendants."

16.     Plaintiff is informed and believes, and thereupon alleges, that each of the Defendants acquired Plaintiff's credit information through an unauthorized inquiry of Plaintiff's "consumer report" as that term is defined by 15 U.S.C. § 1681a(d)(l).

**JURISDICTION AND VENUE**

17.    This Court has personal jurisdiction over defendants because they are residents and/or doing business in California.

18.    Venue is proper in this Court in accordance with Federal Rules of Civil Procedure, because Defendants reside in, contracted to perform obligations in, and/or do business in San Francisco County.

**RELEVANT FACTS**

19.    At all times relevant, Plaintiff is and was an individual residing within the State of California.

20.    Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendants conducted business in the State of California in that they each performed marketing, advertising, promotions, searches, and credit functions in the State of California.

21.    Plaintiff is informed and believes, and thereon alleges, that each of the Defendants is a "person" as the term is defined by 15 U.S.C. § 1681a(b).

22.    Plaintiff does not have a pre-existing business relationship with Defendants that is currently in effect as it pertains to credit.

23.    On October 24, 2019, upon review of his Equifax credit report, Plaintiff discovered that each of the Defendants submitted unauthorized credit report inquiries to Equifax, a credit reporting agency. The Plaintiff's Equifax credit report constitutes a consumer credit report under the FCRA.

24.    Upon information, each of the Defendants has a standard operating procedures, and Defendants put in place those procedures here and made the unauthorized credit report inquiries of Plaintiff and the Class Members in order to determine credit for the purposes of credit profiling, data modeling, and to make promotional offerings, advertising, and to share data concerning the same with other vendors, partners and affiliates with the Defendants, all without Plaintiff's consent.

25.    Plaintiff does not have any additional financial obligations to Defendants that are currently in place.

26.     15 U.S.C. § 1681b delineates the only permissible uses of, or access to, consumer reports, including "to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer." 15 U.S.C. § 1681b(a)(3)(A).

27.     Defendants' inquiries of Plaintiff's consumer report information, without Plaintiff's consent, falls outside the scope of any permissible use or access included in 15 U.S.C. section 1681b.

28.     Therefore, Defendants violated 15 U.S.C. § 1681b by using Plaintiff's consumer report for an impermissible use that falls outside the scope of 15 U.S.C. § 1681b.

29.     Defendants' actions were willful under 15 U.S.C. § 1681n because Defendants was aware of the FCRA's prohibitions on impermissibly pulling consumers' credit reports.

30.     Through the statutory damages available under the FCRA, Plaintiff suffered a measured invasion of a legally protected interest when Defendants accessed his highly confidential personal information on his credit report at a time when Defendants had not right to do so, an invasion of Plaintiff's right to privacy. The FCRA, through 15 U.S.C. section 1681b, protects consumers like Plaintiff from this precise behavior.

31.     The FCRA expressly provides that Congress made the following finding: "[t]here is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality and a respect for the consumer's right to privacy." 15 U.S.C. § 1681a(4) (emphasis added).

32.     Plaintiff was affected personally because when he realized the behavior of Defendants described above (pulling his credit report without any authorization), Plaintiff felt that his privacy had been invaded and that his personal and private information had been disclosed to Defendants, who had no right to Plaintiff's information.

33.     In addition, Plaintiff previously had financial issues during the 2008 financial crisis, but was hoping to turn a corner with strong credit free from interference by unauthorized parties.

34.     As such, Plaintiff is entitled to the remedies available under 15 U.S.C. section 168In and 15 U.S.C. section 168lo.

35.    HSBC, Citi, Citizens, Discover, and Farmers did not follow up with Plaintiff and Class Members with a firm offer of credit.  In the alternative, and even if HSBC, Citi, Citizens, Discover, or Farmers contend that they did follow up with a firm offer of credit, such transmission of documents do not constitute a firm offer of credit because there was no (a) precise interest rate for offers requiring the payment of interest; (b) there was no precise offer terms, such as loan amount, loan period, or how the interest is calculated; (c) description of the method of computing interest; (d) minimum guaranteed credit; (e) payment periods, (f) and guarantee that the offer will be honored, and (g) no proper "short notice"/ "long notice."

36.    There is no evidence in practice and procedure, that any of HSBC, Citi, Citizens, Discover, or Farmers followed through on any purported offers mailed to Plaintiff or other consumers, nor that at minimum any of the Defendants followed through with firm offers of credit as to a reasonable number of persons in the putative class.

37.    HSBC submitted an inquiry on June 11, 2019.

38.    Citi submitted inquires on July 1, 2019, June 1, 2019, April 27, 2019, December 29, 2018, November 27, 2018, and October 26, 2018.

39.    Citizens submitted an inquiry on March 12, 2019.

40.    Discover submitted inquiries on October 17, 2019, February 15, 2019, February 1, 2019, December 6, 2018, and October 26, 2018.

41.    Farmers submitted an inquiry on September 30, 2019.

## CLASS ALLEGATIONS

42.    Plaintiff brings this action on his own behalf, and on behalf of all others similarly situated pursuant to  Fed. R. Civ. Proc. 23(a), 23(b), 23(c)(4), and 23(c)(5), if necessary, including a damages class and an injunctive relief class.

43.    Plaintiff defines the FCRA Class as follows:

### CLASS ONE

All persons with addresses within the United States whose consumer credit report from any of these three major credit agencies (Experian, TransUnion, and Equifax) reflects an unauthorized consumer credit report inquiry by Defendants between April 24, 2018 to present date.

### CLASS TWO

5

All persons with addresses within the United States whose consumer credit report from any of these three major credit agencies (Experian, TransUnion, and Equifax) reflects an unauthorized consumer credit report inquiry by Defendants between April 24, 2016 to present date.

## CLASS THREE

All persons with addresses within the State of California whose consumer credit report from any of these three major credit agencies (Experian, TransUnion, and Equifax) reflects an unauthorized consumer credit report inquiry by Defendants between April 24, 2016 to present date.

## CLASS FOUR

All persons with addresses within the United States who had any personally identifiable information provided and/or given access by Defendants (and their agents) to any other unauthorized person between April 24, 2016 to present date.

44.     Defendants and their employees or agents are excluded from the Classes. Plaintiff does not know the number of members in the Classes, but believes the number is in the hundreds, if not more. This matter should therefore be certified as a Class action to assist in the expeditious litigation of this matter.

45.     Plaintiff and members of the Classes were harmed by the acts of Defendants in at least the following ways: Defendants, either directly or through its agents, engaged in illegal and deceptive practices, when it submitted an unauthorized consumer report inquiry under 15 U.S.C. section 1681 *et seq.* Plaintiff and the Classes' members were damaged thereby.

46.     This suit seeks only recovery of actual and statutory damages on behalf of the Classes, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Classes' definitions to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

47.     The joinder of the Classes' members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Classes can be identified through Defendants' records or Defendants' agents' records.

48.     There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Classes

predominate over questions which may affect individual members of the Classes, including the following:

       a) Whether, within the class period, Defendants or its agents submitted any consumer credit report inquiries; and

       b) Whether Plaintiff and the members of the Classes were damaged thereby, and the extent of damages for such violations.

49.    Plaintiff will fairly and adequately protect the interest of the Classes.

50.    Plaintiff has retained counsel experienced in consumer class action litigation and in handling claims involving violations of the Fair Credit Reporting Act.

51.    Plaintiff's claims are typical of the claims of the Classes, which all arise from the same operative facts involving unlawful collection practices.

52.    A class action is a superior method for the fair and efficient adjudication of this controversy.

53.    Class-wide damages are essential to induce Defendants to comply with the Federal and State laws alleged in the Complaint.

54.    The interests of class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual action under the FCRA is minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims, e.g. securities fraud.

55.    Defendants has acted on grounds generally applicable to the Classes, thereby making appropriate final declaratory relief with respect to each class as a whole.

56.    Plaintiff contemplates providing notice to the putative class members by direct mail in the form of a postcard and via Internet website.

57.    Plaintiff requests certification of a hybrid class combining the elements of the Federal Rules of Civil Procedure for monetary damages and for equitable relief.

## COUNTS

### COUNT I

(Negligent Violation of the FCRA, 15 U.S.C. § 1681, *et seq.* by Plaintiff and those similarly situated, against all Defendants Including DOES 1-100)

58.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

59.    The credit inquiry that was made by each Defendant of Equifax information regarding Plaintiff constitutes a "consumer report" as that term is defined in the FCRA.

60.    The FCRA, 15 U.S.C. § 1681b, restricts a prospective user from obtaining a consumer report unless authorized by the subject consumer or unless the user has a "permissible purpose" as that term is defined and/or contemplated under the FCRA.

61.    Under the terms of the FCRA, "[a] person shall **not use or obtain** a consumer report for any purpose unless – (1) the consumer report is obtained for a purpose for which the consumer report is **authorized to be furnished under this section**; and (2) **the purpose is certified … by a prospective user of the report through a general or specific certification**." 15 U.S.C. § 1681b(f) (emphasis added).

62.    Citizens, Farmers, HSBC, Discover, and Citi are each "persons" under the FCRA, which is broadly defined as "any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental subdivision or agency, or other entity." 15 U.S.C. §1681(b) (definitions).   Citizens, Farmers, HSBC, and Discover are each private entities.

63.    The report obtained from Equifax, including credit score and other personally identifiable information of Mr. Palmer's obtained including his address, name, and other personal information from his credit report and the general credit database, constitute a "consumer report" under Section 1681(f).

64.    At no time, did Plaintiff or any of the class authorize the credit inquiries to be made, nor did they consent or certify the use of the report.

65.    At times material hereto, Defendants had actual knowledge that:

a.  Plaintiff had no credit accounts open or pending with any of the Defendants; and

b.  The Defendants were legally prohibited from requesting Plaintiff's credit information without permissible purpose to do so.

66.    As such, on each occasion that Defendants requested and obtained a consumer report concerning Plaintiff as described herein, Defendants had actual knowledge that they did not have a permissible purpose under the FCRA to obtain such information because their credit was accessed improperly, to send unsolicited marketing, to conduct unsolicited data harvesting and modeling.

67.    In requesting and obtaining Plaintiff's consumer report with actual knowledge that it did not have permissible purpose to do so, each of the Defendants willfully violated the FCRA for each such inquiry that Defendants made.

68.    As such, on each occasion that Defendants requested and obtained a consumer report concerning Plaintiff, Defendants knew or should have known that they did not have permissible purpose under the FCRA to obtain such information.

69.    In requesting and obtaining Plaintiff's credit information with actual or constructive knowledge that it did not have permissible purpose to do so, Defendants negligently violated the FCRA for each such inquiry that they made.

70.    After a reasonable time to conduct discovery, Plaintiff believes that he can prove that all actions taken by employees, agents, or representatives of any type from Defendants were taken within the scope of such individuals' (or entities') employment, agency, or representation.

71.    As a direct and proximate result of Defendants' violations of the FCRA, Plaintiff's privacy has been invaded.

72.    It has been necessary for Plaintiff to retain the undersigned counsel to prosecute the instant action, for which they are obligated to pay a reasonable attorney's fee.

73.    All conditions precedent to this action have occurred.

SECOND AMENDED CLASS ACTION COMPLAINT

**COUNT II**

(Intentional Violation of the FCRA, 15 U.S.C. § 1681, *et seq.* by Plaintiff and those similarly

situated, against all Defendants Including DOES 1-100)

74.    Plaintiff realleges all allegations as if fully set forth herein, and incorporate previous allegations by reference.

75.    The credit inquiry that was made by each Defendant of Equifax information regarding Plaintiff constitutes a "consumer report" as that term is defined in the FCRA.

76.    The FCRA, 15 U.S.C. § 1681b, restricts a prospective user from obtaining a consumer report unless authorized by the subject consumer or unless the user has a "permissible purpose" as that term is defined and/or contemplated under the FCRA.

77.    Under the terms of the FCRA, "[a] person shall ***not use or obtain*** a consumer report for any purpose unless – (1) the consumer report is obtained for a purpose for which the consumer report is ***authorized to be furnished under this section***; and (2) ***the purpose is certified … by a prospective user of the report through a general or specific certification***." 15 U.S.C. § 1681b(f) (emphasis added).

78.    Citizens, Farmers, HSBC, Discover, and Citi are each "persons" under the FCRA, which is broadly defined as "any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental subdivision or agency, or other entity." 15 U.S.C. §1681(b) (definitions).   Citizens, Farmers, HSBC, Discover, and Citi are each private entities.

79.    The report obtained from Equifax, including credit score and other personally identifiable information of Mr. Palmer's obtained including his address, name, and other personal information from his credit report and the general credit database, constitute a "consumer report" under Section 1681(f).

80.    At no time, did Plaintiff or any of the class of drivers authorize the credit inquiries to be made, nor did they consent or certify the use of the report.

81.    At times material hereto, Defendants had actual knowledge that:

a.    Plaintiff had no credit accounts open or pending with any of the Defendants; and

b.  The Defendants were legally prohibited from requesting Plaintiff's credit information without permissible purpose to do so.

82.     As such, on each occasion that Defendants requested and obtained a consumer report concerning Plaintiff as described herein, Defendants had actual knowledge that they did not have a permissible purpose under the FCRA to obtain such information because their credit was accessed improperly, to send unsolicited marketing, to conduct unsolicited data harvesting and modeling.

83.     In requesting and obtaining Plaintiff's consumer report with actual knowledge that it did not have permissible purpose to do so, each of the Defendants willfully violated the FCRA for each such inquiry that Defendants made.

84.     As such, on each occasion that Defendants requested and obtained a consumer report concerning Plaintiff, Defendants knew or should have known that it did not have permissible purpose under the FCRA to obtain such information.

85.     In requesting and obtaining Plaintiff's credit information with actual or constructive knowledge that it did not have permissible purpose to do so, Defendants negligently violated the FCRA for each such inquiry that they made.

86.     After a reasonable time to conduct discovery, Plaintiff believes that he can prove that all actions taken by employees, agents, or representatives of any type from Defendants were taken within the scope of such individuals' (or entities') employment, agency, or representation.

87.     As a direct and proximate result of Defendants' violations of the FCRA, Plaintiff's privacy has been invaded.

88.     It has been necessary for Plaintiff to retain the undersigned counsel to prosecute the instant action, for which they are obligated to pay a reasonable attorney's fee.

89.     All conditions precedent to this action have occurred.

90.     After a reasonable time to conduct discovery, Plaintiff believes that they can prove that Defendants have received hundreds of disputes from consumers like Plaintiff, complaining of the practice of obtaining consumer reports on individuals without any permissible purpose to do so.

91.     After a reasonable time to conduct discovery, Plaintiff believes that he can prove that, despite their receipt of disputes from consumers, Defendants intentionally, knowingly, and/or recklessly chose not to correct their policies and procedures concerning access to consumer reports without any permissible purpose to do so.

92.     After a reasonable time to conduct discovery, Plaintiff believes that he can prove that Defendants have engaged in a pattern and practice of unlawful conduct with respect to the accessing of consumer reports on individuals without any permissible purpose to do so.

93.     Defendants' conduct reveals a conscious and reckless disregard of Plaintiff's rights.

94.     As a direct and proximate result of Defendants' violations of the FCRA, Plaintiff's privacy has been invaded.

95.     It has been necessary for Plaintiff to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

96.     All conditions precedent to this action have occurred.

97.     As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(l); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2), from Defendants.

98.     As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or damages of not less than $100 and not more than $1,000 and such amount as the court may allow for all other class members, pursuant to 15 U.S.C. § 1681n(a)(l)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendants.

## COUNT III

(Violation of the UCL, Bus. & Prof. Code §§ 17200, *et seq.* by Plaintiff and those similarly situated, against all Defendants Including DOES 1-100)

99.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

100.    Business and Professions Code section 17200 defines "unfair competition" to include any unlawful business practice.

101.    Business and Professions Code sections 17203-17204 allow a person who has lost money or property as a result of unfair competition to bring a class action in accordance with Federal Rule of Civil Procedure 23 to recover money or property that may have been acquired from similarly situated persons by means of unfair competition.

102.    Federal laws require certain disclosures and proper authorization before conducting background checks and obtaining information from credit and background reports in connection with a hiring process.

103.    Plaintiff and the Class re-alleges and incorporates by reference the FIRST and SECOND causes of action herein.

104.    Plaintiff lost money or property as a result of the aforementioned unfair competition.

105.    Defendants have, or may have, acquired money by means of unfair competition.

106.    Defendants have violated Federal laws through their policies and practices of, *inter alia*, routinely acquiring consumer, investigative consumer and/or consumer credit reports (referred to collectively as "credit and background reports") to conduct background checks on Plaintiff and other prospective, current and former employees and use information from credit and background reports in connection with their hiring process without providing proper disclosures and obtaining proper authorization in compliance with the law.

107.    The unlawful conduct of Defendants alleged herein amounts to and constitutes unfair competition within the meaning of Business and Professions Code sections 17200, *et seq.* Business and Professions Code section 17200, *et seq.*, protects against unfair competition and allows a person who has suffered an injury-in-fact and has lost money or property as a result of an unfair, unlawful, or fraudulent business practice to seek restitution on his own behalf and on behalf of other similarly situated persons in a class action proceeding.

108.    Plaintiff is informed and believes that other similarly situated persons have been subject to the same unlawful policies or practices of Defendants.

109.    Due to its unfair and unlawful business practices in violation of Federal laws as alleged herein, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their legal obligations.

110.    Pursuant to Business and Professions Code section 17203. Plaintiff, on behalf of himself and the other members of the FCRA Class, seeks declaratory relief and restitution of all monies rightfully belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful and unfair business practices.

111.    California's Unfair Competition Law ("UCL") permits civil recovery and injunctive for "any unlawful, unfair or fraudulent business act or practice." including if a practice or act violates or is considered unlawful under any other state or federal law.

112.    Accordingly, pursuant to Bus. & Prof. Code §§ 17200 and 17203. Plaintiff requests the issuance of temporary, preliminary and permanent injunctive relief enjoining Defendants, and each of them, and their agents and employees, from further violations of the FCRA; and upon a final hearing seek an order permanently enjoining Defendants, and each of them, and their respective agents and employees, from further violations of the FCRA.

113.    Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or the common fund doctrine. Plaintiff and the other members of the Class are entitled to recover reasonable attorneys' fees in connection with their unfair competition claims.

## COUNT IV

(Violation of California Consumer Credit Reporting Agencies Act § 1785, *et seq.* by Plaintiff and those similarly situated, against all Defendants Including DOES 1-100)

114.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

115.    The California Consumer Reporting Agencies Act (CCRAA), Civil Code § 1785.3 (g) defines a consumer "file" as "the information on that consumer recorded and retained by a consumer credit reporting agency, regardless of how the information is stored."

116.    A "consumer credit report" is information from the consumer file that bears on a "consumer's credit worthiness, credit standing, or credit capacity, which is used or is expected to

14

be used, or collected in whole or in part, for the purpose of serving as a factor in establishing the consumer's eligibility for: (1) credit to be used primarily for personal, family, or household purposes, or (2) employment purposes, or (3) hiring of a dwelling unit, as defined in subdivision (c) of Section 1940, or (4) other purposes authorized in Section 1785.11."

117.    Civil Code § 1785.11 provides that a consumer credit report can only be furnished to another person with written consent of the consumer, pursuant to court order, or when the other person "(A) Intends to use the information in connection with a credit transaction, or entering or enforcing an order of a court of competent jurisdiction for support, involving the consumer as to whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer; or (B) Intends to use the information for employment purposes; or (C) Intends to use the information in connection with the underwriting of insurance involving the consumer, or for insurance claims settlements; or (D) Intends to use the information in connection with a determination of the consumer's eligibility for a license or other benefit granted by a governmental instrumentality required by law to consider the applicant's financial responsibility or status; or (E) Intends to use the information in connection with the hiring of a dwelling unit, as defined in subdivision (c) of Section 1940; or (F) Otherwise has a legitimate business need for the information in connection with a business transaction involving the consumer.

118.    The CCRAA prohibits persons from improperly accessing or obtaining data from a consumer credit reports or parts of a consumer's file.

119.    Civil Code § 1785.19 provides:

> (a) In addition to any other remedy provided by law, a consumer may bring an action for a civil penalty, not to exceed two thousand five hundred dollars ($2,500), against any of the following: (1) A person who knowingly and willfully obtains access to a file other than as provided in Section 1785.11. (2) Any person who knowingly and willfully obtains data from a file other than as provided in Section 1785.11.

> (b) If a plaintiff prevails in an action under subdivision (a) he or she shall be awarded the civil penalty, costs, and reasonable attorney fees.

120.    Civil Code § 1785.31 (a) provides:

15

Any consumer who suffers damages as a result of a violation of this title by any person may bring an action in a court of appropriate jurisdiction against that person to recover the following: (1) In the case of a negligent violation, actual damages, including court costs, loss of wages, attorney's fees and, when applicable, pain and suffering. (2) In the case of a willful violation:(A) Actual damages as set forth in paragraph (1) above: (B) Punitive damages of not less than one hundred dollars ($100) nor more than five thousand dollars ($5,000) for each violation as the court deems proper; (C) Any other relief that the court deems proper. (3) In the case of liability of a natural person for obtaining a consumer credit report under false pretenses or knowingly without a permissible purpose, an award of actual damages pursuant to paragraph (1) or subparagraph (A) of paragraph (2) shall be in an amount of not less than two thousand five hundred dollars ($2,500).

121.    Section 1785.31 (c) allows for recovery of punitive damages against Defendants and section 1785.31 (d) mandates recovery of attorney's fees by a prevailing plaintiff.

122.    Within the previous two years, Defendants, through their employees or agents who are natural persons, acquired access to Plaintiff's consumer file and data from Plaintiff's consumer file, typically by acquiring a copy of his consumer credit report.

123.    In order to access the consumer file and obtain data from the file, Defendants (through their employees or agents) knowingly and willfully mispresented to the credit bureaus that they had a legitimate purpose for obtaining the consumer files or consumer credit reports.

124.    For example, on or about the following dates, each of the Defendants obtained access to and data from Plaintiff's consumer file and/or obtained a consumer credit report about Plaintiff from Equifax. The data obtained by Defendants from the consumer file or consumer credit report included Plaintiff's name, addresses, social security number, current tradelines, balances owed, any charge offs or collection accounts, the types of services she used (for example medical providers) and credit inquiries. This data was obtained by each respective defendant on the following dates:

     a)  CITIZENS BANK, N.A: March 12, 2019

     b)  CITIZENS FINANCIAL GROUP, INC.:  March 12, 2019

     c)  FARMERS GROUP, INC: September 30, 2019

     d)  FARMERS EXCHANGE:  September 30, 2019

     e)  HSBC BANK, USA, N.A.: June 11, 2019

f) DISCOVER FINANCIAL SERVICES, INC.: October 17, 2019, February 1, 2019, February 1, 2019, December 6, 2018, and October 26, 2018

g) CITI: July 1, 2019, June 1, 2019, April 27, 2019, December 29, 2018, November 27, 2018, and October 26, 2018.

125.    Defendants did not have permission from a Court or Plaintiff to obtain a consumer credit report about Plaintiff or any part of her consumer file on these occasions.

126.    Defendants did not use or intend to use the consumer file or consumer credit report for one of the purposes listed in Section 1785.11 and did not have a legitimate business need for the consumer file or consumer credit report.

127.    Defendants knowingly obtained a consumer credit report concerning Plaintiff without a permissible purpose.

128.    Plaintiff did not receive any "firm offers of credit" from Defendants and, upon information and belief, alleges that such offers were never sent to him. Moreover, he never applied for credit with Defendants nor gave them permission to access his consumer file or obtain a consumer credit report about him.

## COUNT V

(Violation of the California Invasion of Privacy Act ("CIPA") by Plaintiff and those similarly situated, against all Defendants Including DOES 1-100)

129.    Plaintiff re-alleges and incorporates all allegations with the same force and effect as if fully restated herein.

130.    Plaintiff, individually and on behalf of the Class, assert violations of California's Invasion of Privacy Act ("CIPA"), Cal. Penal Code §§ 630, *et seq.*, specifically §§ 631, 632, 632.5, 632.7, 635, and 637, for Defendants' intentional credit inquiry, use, and disclosure of Mr. Palmer's PII. Defendants knowingly took such actions in reckless disregard for Plaintiff's and Class members' privacy rights and for their own financial benefit to profit from persons.

131.    Defendants acts in violation of CIPA occurred in California because those acts resulted from business decisions, practices, or operating policies that each of the Defendants developed, implemented, or used in California and that are unlawful.  Defendants profited in

California as a result of their repeated and pervasive violations of CIPA. Defendants' unlawful conduct that occurred in California harmed Plaintiff and the Class members.

132.    Cal. Penal Code § 630 provides: "The Legislature hereby declares that advances in science and technology have led to the development of new devices and techniques for the purpose of eavesdropping upon private communications and that the invasion of privacy resulting from the continual and increasing use of such devices and techniques has created a serious threat to the free exercise of personal liberties and cannot be tolerated in a free and civilized society."

133.    Defendants, each as a corporation, is a person as defined under Cal. Penal Code §§ 7 and 632(b). Cal. Penal Code § 631. Cal. Penal Code § 631(a) imposes liability on any person who, "by means of any machine, instrument, or contrivance, or in any other manner,": (i) "intentionally taps, or makes any unauthorized connection, whether physically, electrically, acoustically, inductively or otherwise, with any telegraph or telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system," or (ii) "willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads or attempts to read or learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line or cable or is being sent from or received at any place within this state," or (iii) "uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained," or (iv) "aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section." Cal. Penal Code § 631(a).

134.    Plaintiff and the Class Members maintain personally identifiable information with each of the credit bureaus, Experian, Equifax, and Transunion.  Plaintiff and Class Members' PII maintained electronically constitute "electronic communications," defined as "any transfer of signs, signals, writings, images, sounds, data, or intelligence of any nature in whole or in part by a wire, radio, electromagnetic, photoelectric, or photooptical system…." Cal. Penal Code § 629.51(a)(2). Defendants were not at any time a party to Plaintiff's and Class members' data repository.

135.    Defendants and their agents capture Class Members' PII in real time and contemporaneously routes the PII to other third parties or provides access to other third parties. Defendants, and/or their agents' software programs are a "machine, instrument, contrivance, or … other manner" used to willfully read or learn the content of persons' private and confidential communications, as well as to use and disclose the information obtained. Cal. Penal Code § 631(a).

136.    Interception of Plaintiff's and Class members' private and confidential information without their consent occurs when Defendants obtain PII from the credit bureaus or vendors and agents acting through and using the credit bureaus.

137.    The information intercepted includes PII inclusive of name, address, social security number, other creditor information, credit score, employer, and other information in the credit profile.

138.    Plaintiff's credit information is stored electronically with Experian, Equifax, and Transunion. As such, the wires, lines, cables and/or instruments which carry and facilitate the transmission of Plaintiff's and Class members' data messages are telegraph wires, lines, cables and/or instruments under § 631(a).

139.    Additionally, Defendants (through themselves and their agents) use algorithms to willfully read, attempt to read, or learn the contents or meaning of Plaintiff's and Class members' confidential PII in transit or passing over any wire, line, or cable, or are being sent from or received at any place within California. Cal. Penal Code § 631(a). Plaintiff and Class members, parties to the communications, at no time consented to or authorized Defendants to obtain and surveil the contents of their confidential communications for economic purposes, and data value purposes. Nothing in Defendants' written policies—and likewise nothing in other publicly available information provided by Defendants—indicates to persons that Defendants would obtain and surveil the content of their communications in this manner, such that Plaintiff and Class members cannot be fairly be said to have agreed to or authorized Defendants' actions.

140.    Defendants intentionally use, attempt to use, and communicate the information unlawfully obtained to profit and to use data for other non-legal purposes, in violation of Cal. Penal Code § 631(a). Defendants intentionally communicated and communicates the contents of

Plaintiff's and Class members' data to various third parties for credit modeling, data modeling, data mining, to market services, and for other purposes.

141.    Further, as detailed above, Defendants' agents, agree with, employ, or conspire with persons to unlawfully do, or permit, or cause to be done the above-mentioned acts set forth in § 631(a).

142.    Plaintiff and the Class members reasonably expected that Defendants were not intercepting, disclosing, or using the contents of their confidential credit information for the above-described unauthorized purposes; Defendants' failure to affirmatively disclose to the public that their data and credit information is being monitored; and Defendants' status as a person who was not an intended party to or recipient of Plaintiff's and Class members' sensitive and confidential credit information and PII.

143.    The practices complained of in this Count fall outside of the scope of Defendants' ordinary course of business.

144.    Further, the surreptitious interception and disclosure of the contents of Plaintiff's and Class members' communications does not facilitate the transmission of such communications nor is it incidental to the communications' transmission. Cal. Penal Code § 632(a) imposes liability on a person who "intentionally and without the consent of all parties to a confidential communication, uses an electronic amplifying or recording device to eavesdrop upon or record the confidential communication, whether the communication is carried on among the parties in the presence of one another or by means of a telegraph, telephone, or other device…."

145.    "Confidential communication" is defined as "any communication carried on in circumstances as may reasonably indicate that any party to the communication desires it to be confined to the parties thereto, but excludes a communication made in a public gathering or in any legislative, judicial, executive, or administrative proceeding open to the public, or in any other circumstance in which the parties to the communication may reasonably expect that the communication may be overheard or recorded." Cal. Penal Code § 632(c).

146.    In violation of Cal. Penal Code § 632, through Defendants' programs, Defendants intentionally recorded Plaintiff's and Class members' confidential communications sent through

the Credit Bureaus without their consent or authorization for purposes of economic gain and surveillance.

147.    Plaintiff and Class Members reasonably believed that their private, confidential storage and use of information through credit bureaus were confined to the intended recipients and were not being sent and/or accessed to persons without Plaintiff and Class Members' consent.

148.    As a result of Defendants' violations of CIPA, Plaintiff and the Class Members have suffered harm and injury, including but not limited to the invasion of their privacy rights.

149.    Plaintiff, individually and on behalf of the Class, seeks: (1) declaratory relief that the challenged practices and provisions violate CIPA, and an injunction against those practices; (2) damages of $5,000 per violation under Cal. Penal Code § 637.2; and (3) costs and reasonable attorneys' fees under Cal. Civ. Proc. Code § 1021.5.

## COUNT VI

Violation of the Comprehensive Computer Data Access and Fraud Act ("CDAFA"), Cal. Penal Code § 502 (On Behalf of Plaintiff and all Classes)

150.    Plaintiff incorporate the foregoing allegations as if fully set forth here.

151.    The California Legislature enacted the California Computer Data Access and Fraud Act, Cal. Penal Code § 502 ("CDAFA") to "expand the degree of protection afforded. . . from tampering, interference, damage, and unauthorized access to (including the extraction of data from) lawfully created computer data and computer systems," finding and declaring that "the proliferation of computer technology has resulted in a concomitant proliferation of . . . forms of unauthorized access to computers, computer systems, and computer data," and that "protection of the integrity of all types and forms of lawfully created computers, computer systems, and computer data is vital to the protection of the privacy of individuals. . . ." Cal. Penal Code § 502(a).

152.    Plaintiff's devices on which they participated in storing and maintaining their credit information with the three Credit Bureaus, includes their computers, smart phones, and tablets constitute "computers, computer systems, and/or computer networks" within the meaning of the CDAFA.

153.    Defendant violated § 502(c)(1)(B) of the CDAFA by knowingly accessing and without permission accessing Plaintiff's and Class members' stored credit file databases in order

SECOND AMENDED CLASS ACTION COMPLAINT

to obtain their personal information, including their name, address, creditor information, affiliates, place of work, and social security number in violation of class members' reasonable expectations of privacy in their devices and data.

154.    Defendants violated Cal. Penal Code § 502(c)(2) by knowingly and without permission accessing, taking and using Plaintiff's and the Class Members' personally identifiable information.

155.    The computers and mobile devices that Plaintiff and Class members used to participate in storing and maintaining credit, all have and operate "computer services" within the meaning of the CDAFA. Defendant violated §§ 502(c)(3) and (7) of the CDAFA by knowingly and without permission accessing and using those devices and computer services, or causing them to be accessed and used, *inter alia* in connection with Defendants' sharing of information with third parties.

156.    Defendant violated §§ 502(c)(6) and (c)(13) of the CDAFA by knowingly and without permission providing and/or assisting in providing third parties, including, but not limited to other third party data modeling companies and minors, a means of accessing Plaintiff's and Class members' computers and mobile devices.

157.    Under California Penal Code § 502(b)(10) a "Computer contaminant" is defined as "any set of computer instructions that are designed to ... record, or transmit information within computer, computer system, or computer network without the intent or permission of the owner of the information."

158.    Defendant violated California Penal Code § 502(c)(8) by knowingly and without permission introducing a computer contaminant into the transactions between Plaintiff and the Class Members and the credit bureaus at which their credit profiles and information is maintained; including but not limited to the code that intercepted Plaintiff's and the Class Members' private and personal data.

159.    As a direct and proximate result of Defendants' unlawful conduct within the meaning of California Penal Code § 502, Defendant caused loss to Plaintiff and the Class Members in an amount to be proven at trial, including that Plaintiff and the Class Members were injured by

the loss of value of their personal information. Plaintiff and the Class Members are also entitled to recover their reasonable attorneys' fees under California Penal Code § 502(e)(2).

160.    Plaintiff and the Class Members seek compensatory damages in accordance with California Penal Code § 502(e)(1), in an amount to be proven at trial, and injunctive or other equitable relief.

161.    Plaintiff and Class Members have suffered irreparable and incalculable harm and injuries from Defendant's violations. The harm will continue unless Defendants are enjoined from further violations of this section. Plaintiff and Class Members have no adequate remedy at law.

162.    Plaintiff and the Class Members are entitled to punitive or exemplary damages pursuant to Cal. Penal Code § 502(e)(4) because Defendants' violations were willful and, upon information and belief, Defendants are guilty of oppression, fraud, or malice as defined in Cal. Civil Code § 3294.

163.    Plaintiff and the Class Members have also suffered irreparable injury from these unauthorized acts of disclosure: their personal, private, and sensitive communications have been harvested, viewed, accessed, stored, and used by Defendants, and have not been destroyed, and due to the continuing threat of such injury, have no adequate remedy at law, entitling Plaintiff to injunctive relief.

### COUNT VII
Invasion of Privacy (Intrusion Upon Seclusion) and Violation of the California Constitution, Art. 1, § 1 (On behalf of the Hacked Families Class)

164.    Plaintiff re-alleges and incorporate the allegations set forth above as if fully written herein.

165.    Plaintiff and the class members have reasonable expectations of privacy in their credit files stored at the three Credit Bureaus. This interest is protected by Article 1, Section 1 of the California Constitution.

166.    The Plaintiff and the Class members' privacy interest as described herein is legally protected because they have an interest in precluding the dissemination or misuse of sensitive information and an interest in making intimate personal decisions and conducting personal activities without observation, intrusion, or interference.

167.    Defendants intruded on Plaintiff's solitude, seclusion, and private affairs when they allowed credit information to be compromised, lost, stolen, misused, accessed, and/or disclosed to unauthorized parties.

168.    Defendants' failure to protect credit files is highly offensive to a reasonable person. Credit files include intimate and private parts of someone's life: their social security numbers, their addresses, their names, their debts and creditors. Reasonable persons would expect, and Plaintiff and the Class Members did expect, that Defendants would properly safeguard their accounts and information. Plaintiff and the Class entrusted Defendants with this highly sensitive access, and Defendants' failure to properly safeguard it is an egregious violation of societal norms.

169.    The intrusions that Defendants caused are also highly offensive to a reasonable person.

170.    The Plaintiff and the Class were harmed by the intrusion into their private affairs as detailed herein.

171.    Defendants' actions and omissions described herein were a substantial factor in causing the harm suffered by the Plaintiff and the Class.

172.    As a result of Defendants' actions, Plaintiff and the Class seek damages, including compensatory, nominal, and punitive damages, in an amount to be determined at trial.

**COUNT VIII**
Invasion of Privacy (Public Disclosure of Private Facts) and Violation of the California Constitution, Art. 1 § 1 (On behalf of Plaintiff and the Classes)

173.    Plaintiff re-alleges and incorporates the allegations in the prior paragraphs as if fully written.

174.    Plaintiff and the members of the Classes have reasonable expectations of privacy in their homes. This interest is protected by Article 1, Section 1 of the California Constitution.

175.    The privacy interests as described herein are legally protected because Plaintiff and the members of both Classes have an interest in precluding the dissemination or misuse of sensitive information and an interest in making intimate personal decisions and conducting personal activities without observation, intrusion, or interference.

176.    Defendants declined to adopt sufficient security measures to protect Plaintiff and the Class Members; indeed, Defendants chose not to implement even ordinary, commonplace

24

security measures and instead adopted dismal security features that permitted hackers to easily access user accounts.

177.    Defendants' acts and omissions caused the exposure and publicity of intimate details of the Plaintiff and Class Members' lives—matters that are of no concern to the public.

178.    Defendants' failure to protect customers credit accounts from exposure by and to unauthorized third parties is highly offensive to a reasonable person. Reasonable persons would expect, and the Plaintiff and the Class did expect, that Defendants would properly safeguard their accounts and information. The Plaintiff and the Class entrusted Defendants with this highly sensitive access, and Defendants' failure to properly safeguard it is an egregious violation of societal norms.

179.    The disclosure and exposure that Defendants' acts and omissions caused are highly offensive to a reasonable person.

180.    Plaintiff and the members of both Classes have reasonable expectations of privacy in their personal identifying information. Yet, Defendants disclosed his personal and private information to unauthorized parties without the informed and clear consent of Plaintiff and Class members.

181.    As a direct and proximate result of Defendants' unlawful privacy invasions, Plaintiff and Class members' private, personal, and confidential information was unlawfully disclosed to third parties without their permission or consent. Plaintiff and Class members suffered injury as a result of these invasion.

182.    Plaintiff and the members of both Classes were harmed by the public disclosure of their private affairs as detailed herein.

183.    Defendants' actions described herein were a substantial factor in causing the harm suffered by Plaintiff and the members of both Classes.

184.    As a result of Defendants' actions, Plaintiff and the members of both Classes seek damages, including compensatory, nominal, and punitive damages, in an amount to be determined at trial.

**PRAYER FOR RELIEF**

A.     That this action and the proposed class be certified and maintained as a class action, appointing Plaintiff as representative of the Class, and appointing the attorneys and law firms representing Plaintiff as counsel for the Class;

B.     For actual damages, restitution, and all other appropriate legal and equitable relief;

C.     For declaratory relief;

D.     For pre-judgment and post-judgment interest;

E.     For civil penalties, as requested herein;

F.     For punitive and exemplary damages, as requested herein;

G.     For attorneys' fees and costs;

H.     For appropriate injunctive relief;

I.     Actual damages suffered by Plaintiff and each Class member, pursuant to 15 U.S.C. § 168lo(a)(l), against Defendants;

J.     Statutory damages of not less than $100 and not more than $1,000 to Plaintiff and each Class member, pursuant to 15 U.S.C. § 1681n(a)(l), against Defendants;

K.     Statutory damages pursuant to Civil Code § 1785.19 including $2,500 to Plaintiff and each class member, an award of costs, attorney's fees, and punitive damages:

L.     A catalyst claim for attorneys' fees based on the Defendants having changed their privacy policy, and/or practices and procedures, after the filing of this action.

M.     For such other and further relief as this Court may deem just and proper.

Respectfully submitted,
LINDEMANN LAW FIRM

Dated:  March 24, 2021                    By:/s/ Blake J. Lindemann
BLAKE J. LINDEMANN, SBN 255747
DONNA R. DISHBAK, SBN 259311
433 N. Camden Drive, 4th Floor
Beverly Hills, CA 90210
Telephone: (310) 279-5269
Facsimile:  (310) 300-0267

***Attorneys for Plaintiff and the Proposed Class***

1

## **REQUEST FOR JURY TRIAL**

2

Plaintiff demands a trial by jury on all issues in this case so triable.

3

LINDEMANN LAW FIRM

4

5

Dated: March 24, 2021                    By:/s/ Blake J. Lindemann
6                                          BLAKE J. LINDEMANN, SBN 255747
                                           DONNA R. DISHBAK, SBN 259311
7                                          433 N. Camden Drive, 4th Floor
                                           Beverly Hills, CA 90210
8                                          Telephone: (310) 279-5269
                                           Facsimile: (310) 300-0267
9
                                           ***Attorneys for Plaintiff and the Proposed Class***

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28