UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE PALMER,<br><br>Plaintiff,<br><br>v.<br><br>CITIZENS BANK, N.A., et al.,<br><br>Defendants. | Case No. 20-cv-06309-JSC<br><br>**ORDER RE: MOTION TO FILE SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 52 |

Plaintiff filed a putative class action complaint in state court in April 2020. In August he filed and served on all Defendants an amended complaint. The first amended complaint made two claims under the Fair Credit Reporting Act ("FCRA"), one claim California Business and Professions Code section 17200, and one claim under the California Consumer Credit Reporting Agencies Act ("CCRAA"). Defendants removed the action to this Court on September 4, 2020. The complaint alleged that Defendants made unauthorized credit inquiries regarding Plaintiff. After the Court denied Plaintiff's motion to remand and Defendants answered the first amended complaint, Plaintiff filed a motion to amend his complaint that is now pending before the Court. (Dkt. No. 52.) Plaintiff seeks to amend his complaint to add a new defendant and four new privacy-based causes of action, based on a theory that Defendants improperly stored, used, and transmitted Plaintiff's personal identifiable information. Defendants oppose amendment on grounds of futility.

After carefully considering the parties' written submissions, the Court concludes that oral argument is unnecessary, *see* N.D. Cal. L.R. 7-1(b), and GRANTS the motion to amend. As Defendants themselves note, "[a] proposed amendment should be denied as futile only if no set of facts can be proved under the amendment that would constitute a valid and sufficient

claim." *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1393 (9th Cir. 1997).  (Dkt. No. 54 at 9.) Their futility arguments, however, are based upon Plaintiff's failure to allege any new facts to support his new claims even though the elements of the new claims are different from the previously pled claims.  These arguments do not show that Plaintiff could allege no set of facts to prove these new claims, only that he has not yet done so. Thus, denial of the motion to amend on futility grounds is not proper.

That being said, at the case management conference on May 6, 2021 the Court will discuss with Plaintiff whether he wants to further amend his complaint before requiring Defendants to respond now that he has the benefit of their dismissal arguments.  The Court does not wish to prolong motion practice and merely grant a motion to dismiss with leave to amend when Plaintiff could have further amended his complaint.  The Court will address this issue at the conference, which is moved from 9:00 a.m. **to 1:30 p.m.** on the Court's regular case management conference calendar.

This Order disposes of Docket No. 52.

**IT IS SO ORDERED.**

Dated: May 3, 2021

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge