UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE PALMER,<br><br>    Plaintiff,<br><br>    v.<br><br>CITIZENS BANK, N.A., et al.,<br><br>    Defendants. | Case No. 20-cv-06309-VC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION TO SUBSTITUTE AND SEVERING THE CASE**<br><br>Re: Dkt. No. 119 |

    1. Jeannie Palmer's motion to substitute as the plaintiff is granted as to the federal claims arising under the FCRA. *See* Fed. R. Civ. P. 25. But for the reasons articulated in the Court's prior order, *see* Dkt. No. 125, the class allegations are stricken and Ms. Palmer may proceed on only individual basis as to those federal claims.

    2. The state law claims are dismissed without prejudice. As the Court explained in the prior order, Ms. Palmer has not complied with California's requirements to substitute as the plaintiff.

    3. This case shall be severed. Courts may, on their own motion, "at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. District courts are granted "broad discretion . . . to make a decision granting severance." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1297 (9th Cir. 2000). The record does not support a finding that the claims against the defendants are so related that joinder is appropriate under Rule 20. Rather, the defendants were misjoined from the start, a decision that caused confusion and cascading problems during the course of this litigation. Rather than compound the error, the right course of action is to clean up what has become a mess.

The Clerk of the Court is directed to sever this case into five separate cases. This case will continue in this Court as to Ms. Palmer's federal claim against defendant Citizens Bank, N.A. The remaining defendants shall be terminated from this case.

As for Ms. Palmer's claims against the other defendants, they shall be severed into separate cases against the following defendants: (1) Farmers Group, Inc. and Farmers Exchange, (2) HSBC Bank, USA, N.A., (3) Discover Financial Services, Inc., and (4) Citibank, N.A. The Clerk shall randomly reassign each of the four newly created cases. Pursuant to this ruling, only Ms. Palmer's individual federal claim will remain live in each of those actions; all remaining claims (and class allegations) have now been dismissed. The Clerk is directed to ensure that the caption for each new case lists only the defendant(s) involved in that particular case.

Once the cases are opened, either side may seek to relate a newly-opened case to the case that remains in this Court against Citizens Bank. Any motion to relate must be filed on the docket in the Citizens Bank case. The Court anticipates granting any motion to relate. Even though the defendants were improperly joined, the cases likely should be related pursuant to Local Rule 3-12.

The Clerk is directed to open the four actions without requiring Ms. Palmer to first pay a filing fee. However, assuming Ms. Palmer wishes to proceed with the four new actions, she will be required to pay a filing fee in each of them following a ruling on motions to relate. It would not be appropriate to avoid paying separate filing fees by improperly joining multiple defendants into one case.

**IT IS SO ORDERED.**

Dated: April 6, 2022

VINCE CHHABRIA
United States District Judge