1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

San Francisco Division

11

LAWRENCE PALMER, et al.,

12

Plaintiffs,

13

v.

14

CITIZENS BANK, N.A., et al.,

15

Defendants.

16

Case No. 20-cv-06309-VC (LB)
Related Cases: 3:22-cv-02177-VC, 3:22-cv-02178-VC, 3:22-cv-02179-VC, 3:22-cv-02180-VC

**DISCOVERY ORDER**

17    The district judge referred all discovery matters in this case and the related cases to the

18 undersigned.[1] The plaintiff and defendant HSBC Bank, USA, N.A. filed a Joint Discovery Letter

19 Brief, on December 23, 2021.[2] To the extent there is a live discovery dispute, the parties must

20 comply with the undersigned's standing order (attached). The dispute procedures in it require,

21 among other things, that if a meet-and-confer by other means does not resolve the parties' dispute,

22 lead counsel for the parties must meet and confer in person (if counsel are local) and then submit a

23 joint letter brief with information about any unresolved disputes. The letter brief must be filed under

24 the Civil Events category of "Motions and Related Filings > Motions – General > Discovery Letter

25
26

27    [1] June 2, 2022 Docket Entry. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

28    [2] Disc. Ltr. – ECF No. 107.

*United States District Court*
*Northern District of California*

1    Brief." After reviewing any renewed joint letter brief concerning a live discovery dispute, the court

2    will evaluate whether future proceedings are necessary, including any further briefing or argument.

3    **IT IS SO ORDERED.**

4    Dated: June 2, 2022

5                                                                    _____

6                                                                    LAUREL BEELER
                                                                     United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

**STANDING ORDER FOR
UNITED STATES MAGISTRATE JUDGE LAUREL BEELER**
*(Effective October 27, 2021)*

Parties must comply with the procedures in the Federal Rules of Civil and Criminal Procedure, the local rules, the general orders, this standing order, and the Northern District's standing order for civil cases titled "Contents of Joint Case Management Statement." These rules and a summary of electronic-filing requirements (including the procedures for emailing proposed orders to chambers) are available at http://www.cand.uscourts.gov (click "Rules" or "ECF-PACER"). A failure to comply with any of the rules may be a ground for monetary sanctions, dismissal, entry of judgment, or other appropriate sanctions.

## I.   CALENDAR DATES AND SCHEDULING

Motions are heard each Thursday: civil motions at 9:30 a.m. and criminal motions at 10:30 a.m. Case-management conferences are every Thursday: criminal cases at 10:30 a.m. and civil cases at 11:00 a.m. Parties must notice motions under the local rules and need not reserve a hearing date in advance if the date is available on the court's calendar (click "Calendars" at http://www.cand.uscourts.gov). Depending on its schedule, the court may reset or vacate hearings. Please call courtroom deputy Elaine Kabiling at (415) 522-3140 with scheduling questions.

## II.  CHAMBERS COPIES

The parties must lodge a paper "Chambers" copy of any filing with exhibits or attachments unless another format makes more sense (such as for spreadsheets, pictures, or exhibits that are better lodged electronically). Paper copies must be printed on both sides and three-hole punched, and they must be the electronically filed copies with the PACER/ECF-generated header (with the case number, docket number, date, and ECF page number). Exhibits must be tabbed. Parties do not need to submit copies of certificates of service, certificates of interested entities or persons, consents or declinations to the court's jurisdiction, stipulations that do not require a court order (*see* Civil Local Rule 6-1), or notices of appearance or substitution of counsel. Please read Civil Local Rule 79-5 regarding the requirements for filing documents under seal and providing copies.

United States District Court
Northern District of California

## III. CIVIL DISCOVERY

**1. Evidence Preservation**. After a party has notice of this order, it must take the steps needed to preserve information relevant to the issues in this action, including suspending any document-destruction programs (including destruction programs for electronically maintained material).

**2. Production of Documents In Original Form**. When searching for material under Federal Rule of Civil Procedure 26(a)(1) or after a Federal Rule of Civil Procedure 34(a) request, parties (a) must search all locations — electronic and otherwise — where responsive materials might plausibly exist, and (b) to the extent feasible, produce or make available for copying and/or inspection the materials in their original form, sequence, and organization (including, for example, file folders).

**3. Privilege Logs.** If a party withholds material as privileged, *see* Fed. R. Civ. P. 26(b)(5) and 45(d)(2)(A), it must produce a privilege log that is sufficiently detailed for the opposing party to assess whether the assertion of privilege is justified. The log must be produced as quickly as possible but no later than fourteen days after the party's disclosures or discovery responses are due unless the parties stipulate to, or the court sets, another date. Unless the parties agree to a different logging method, privilege logs must contain the following: (a) the title and description of the document, the number of pages, and the Bates-number range; (b) the subject matter or general nature of the document (without disclosing its contents); (c) the identity and position of its author; (d) the date it was communicated (or prepared, if that is the more relevant date); (e) the identity and position of all addressees and recipients of the communication; (f) the document's present location; (g) the specific basis for the assertion that the document is privileged or protected (including a brief summary of any supporting facts); and (h) the steps taken to ensure the confidentiality of the communication, including an affirmation that no unauthorized persons received the communication.

**4. Expedited Procedures for Discovery Disputes**. The parties may not file formal discovery motions. Instead, and as required by the federal rules and local rules, the parties must meet and confer to try to resolve their disagreements. *See* Fed. R. Civ. P. 37(a)(1); Civil L. R. 37-1. Counsel may confer initially by email, letter, or telephone to try to narrow their disputes. After trying those

United States District Court<br>Northern District of California

United States District Court
Northern District of California

means, lead trial counsel then must meet and confer **in person** to try to resolve the dispute. (If counsel are located outside of the Bay Area and cannot confer in person, lead counsel may meet and confer by telephone.) Either party may demand such a meeting with ten days' notice. If the parties cannot agree on the location, the location for meetings will alternate. The plaintiff's counsel will select the first location, defense counsel will select the second location, and so forth. If the parties do not resolve their disagreements through this procedure, lead counsel must file a joint letter brief no later than five days after lead counsels' in-person meet-and-confer. The letter brief must be filed under the Civil Events category of "Motions and Related Filings > Motions — General > Discovery Letter Brief." It may be **no more than five pages** (12-point font or greater, margins of no less than one inch) without leave of the court. Lead counsel for both parties must sign the letter and attest that they met and conferred in person. Each issue must be set forth in a separate section that includes (1) a statement of the unresolved issue, (2) a summary of each parties' position (with citations to supporting facts and legal authority), and (3) each party's final proposed compromise. (This process allows a side-by-side, stand-alone analysis of each disputed issue.) If the disagreement concerns specific discovery that a party has propounded, such as interrogatories, requests for production of documents, or answers or objections to such discovery, the parties must reproduce the question/request and the response in full either in the letter or, if the page limits in the letter are not sufficient, in a single joint exhibit. The court then will review the letter brief and determine whether formal briefing or future proceedings are necessary. In emergencies during discovery events such as depositions, the parties may contact the court through the court's courtroom deputy pursuant to Civil Local Rule 37-1(b) but first must send a short joint email describing the nature of the dispute to lbpo@cand.uscourts.gov.

## IV. CONSENT CASES

1. In cases that are assigned to Judge Beeler for all purposes, the parties must file their written consent or declination of consent to the assignment of a United States Magistrate Judge for all purposes as soon as possible. If a party files a dispositive motion (such as a motion to dismiss or a motion for remand), the moving party must file the consent or declination simultaneously with the motion, and the party opposing the motion must file the consent or declination simultaneously

1   with the opposition.

2       2.  The first joint case-management conference statement in a case must contain all of the

3   information in the Northern District's standing order titled "Contents of Joint Case Management

4   Statement." Subsequent statements for further case-management conferences must not repeat

5   information contained in an earlier statement and instead must report only progress or changes

6   since the last case-management conference and any new recommendations for case management.

7   **V.  SUMMARY-JUDGMENT MOTIONS**

8       The parties may not file separate statements of undisputed facts. *See* Civil L. R. 56-2. Joint

9   statements of undisputed facts are not required but are helpful. Any joint statement must include

10  — for each undisputed fact — citations to admissible evidence. A joint statement generally must

11  be filed with the opening brief, and the briefs should cite to that statement. A reasonable process

12  for drafting a joint statement is as follows: (1) two weeks before the filing date, the moving party

13  proposes its undisputed facts, and (2) one week later, the responding party replies and the parties

14  meet and confer about any disagreements. For oppositions, a responding party may propose

15  additional undisputed facts to the moving party within seven days after the motion is filed and ask

16  for a response within two business days.

17      **IT IS SO ORDERED.**                    _____

18                                              LAUREL BEELER
                                                United States Magistrate Judge

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California